SANFORD *against* BISSELL AND OTHERS.

If *exceptions* are taken to an answer, and the defendant submits to the exceptions by putting in a further answer, the plaintiff, if he thinks the second answer not sufficient, should, within a reasonable time, say *three weeks*, obtain an order to refer the answer to the master for insufficiency. And the plaintiff ought, either in the order of reference, or by notice to the defendant, to specify to which of the exceptions the second answer is still imperfect.

Where exceptions to an answer were taken in *November*, and the defendant put in a second answer in *December*, and the plaintiff, in *March* following, obtained a rule of reference to the master, without any notice to the defendant, the plaintiff was deemed to have acquiesced in the second answer, and the order of reference was set aside :

And though the second answer was not accompanied with an offer to pay the costs of the exceptions, which the defendant, in such case, is regularly bound to pay; yet, as the plaintiff made no objection on that ground, nor called on the defendant for the costs, he was precluded from making that objection afterwards.

*VAN VECHTEN*, for the defendants, moved to set aside the order of reference entered in this cause, on an affidavit, stating, that on the 22d of *October* last, he filed an *answer* in the cause; that *exceptions* to the answer were filed on the 12th of *November;* that an *answer to the exceptions*, or further answer, was filed on the 8th of *December*, and notice thereof given; that an order was entered on the 17th of *March* last, referring the *bill, answers, and exceptions*, to a master; that no notice had been given of any step taken by the plaintiff since filing the exceptions, until a summons was given by the master, under the above order of reference.

He objected to the reference, *first*, as being out of time; and, *secondly*, as being too general, and not stating which of the exceptions were insufficiently answered. He cited *Parker's Analysis of Ch. Practice*, 16. 1 *Turner's Prac.*

1815.        *Int.* 22.   1 *Harr. Prac.* 311., and the 12th and 57th rules

SANFORD   of *June*, 1806.

v.

BISSELL.      *I. Hamilton,* contra.

THE CHANCELLOR.   This is a case in which the defend-
ants submitted to answer the exceptions by putting in a
further answer; and if the plaintiff had conceived the se-
cond answer insufficient, he should, within a reasonable time,
have obtained an order to refer it to a master for insuffi-
ciency.   The case was not within the letter, but it was
within the spirit, of the 12th rule of *June*, 1806 ; and three
weeks would have been a reasonable time.   A delay of three
months, before a reference is applied for, or any objection
made, is certainly out of time ; and the party ought to be
concluded, or to be deemed to have acquiesced in the
further answer.

There is, also, weight in the objection, that the plaintiff
has not specified, either in the order of reference, or by
notice, to which of the exceptions the second answer is still
imperfect.   By referring both answers, and the exceptions
generally, the other party must be utterly at a loss in what
respect he has failed in his submission.   The practice is not
to take exceptions to the second answer; but to state, ge-
nerally, which of the exceptions is not duly answered, is
giving to the defendant reasonable information, without any
violation of this rule of practice.

The second answer does not appear to have been ac-
companied with an offer to pay the costs of the exceptions ;
and if a defendant submits to answer the exceptions, he
must pay costs.   But no objection was made to the answer
on this ground.   The plaintiff consented to receive it by
including it in the order of reference, and, if he meant to
rely on the want of his costs, he should have called on the
other party for them.

                                   Motion granted.